MANUEL DE J. CANINO, Petitioner, *v.* COURT OF EMINENT DOMAIN, HON. P. SANTOS BORGES, JUDGE, Respondent; THE PEOPLE OF PUERTO RICO, ETC., Intervener.

No. 1782. April 21, 1949.—Decided June 24, 1949.

*Córdova & González* and *Alberto Picó* for petitioner. *Vicente Géigel Polanco, Attorney General,* and *F. Navarro Mendía,* and *Alejandro Romanace, Assistant Attorneys General,* for intervener, plaintiff in the main action.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The People of Puerto Rico instituted condemnation proceedings against petitioner herein, alleging that the property to be condemned was worth a certain amount of money which it deposited at the disposal of the respondent. The latter alleged in its answer that the value of the property was greater than the amount deposited. Counsel for the Government then filed a motion for a more definite statement as to the value of the condemned property in order to be able to prepare a responsive pleading and to prepare the evidence of its case.

The Court of Eminent Domain granted the aforesaid motion and the respondent applied to this Court for a writ of certiorari to review said order.

Pursuant to Rule 7 (*a*) of Civil Procedure, as a general rule there are two pleadings: the complaint and the answer. Rule 12 (*e*) provides that before responding to a pleading, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading. In the present case The People filed its complaint and the respondent answered. And pursuant to *People* v. *García,* 66 P.R.R. 478, when the amount of compensation for the condemned property is in issue, the defendant holds the position of a plaintiff and the question for decision is whether the amount deposited by The

People is insufficient. Accordingly, the Government did not have to file any other responsive pleading which might call for specification. Furthermore, unless the pleading be so intricate as to require an order for a more definite statement, a motion for such an order shall not be granted.

■ As to the second ground alleged by The People, that is, that it needed said information in order to prepare its evidence, Rule 12(e) of Civil Procedure in force in this jurisdiction, does not contain the provision which originally appeared in the corresponding Federal Rule which granted the right to seek information to properly prepare the evidence for the trial.[1]

To that end an order for a more definite statement does not lie. Plaintiff's remedy is found in Rules 26–37 of Civil Procedure under the title of "Depositions and Discovery." *Water Resources Authority* v. *District Court*, 66 P.R.R. 796; 2 Moore's Federal Practice, 2d edition, Rule 12(e) p. 2278 *et seq.*, and cases cited, commenting the Federal Rule, after its amendment, as explained in footnote 1 of this opinion.

For the reasons stated we are of the opinion that the motion for a bill of particulars did not lie and the lower court erred in granting it.

The order of the lower court will be set aside and the record returned to the Court of Eminent Domain for further proceedings not inconsistent with this opinion.

Mr. Justice Negrón Fernández did not participate herein.

---

[1] Despite said express provision, the Federal Courts did not follow it and constantly denied motions for more definite pleadings in order to prepare for trial. 1 Moore's Federal Practice (1st ed.) Rule 12(e) 1947 Cum. Supp. pp. 297–299, footnote 3. The reason why Federal Courts refused to grant said orders was that the practice was not consistent with one of the fundamental purposes of the Rules of Civil Procedure, which is to expedite legal proceedings, inasmuch as if an order for a more definite statement were granted the term to answer would not begin to run until the pleading were made more definite.

On March 19, 1948, an amendment was made eliminating said provision from the Federal rule.